MISSOURI PAC. RY. CO. v. TEXAS & P. RY. CO., BRADFORD, (Intervenor.[1])

(*Circuit Court, E. D. Louisiana.* January 2, 1888.)

RAILROAD COMPANIES—RECEIVER—INJURIES TO EMPLOYES—PAYMENT OF WAGES.
 A switchman claimed from the receivers of defendant company compensation for injuries sustained in the line of his duty. The master reported, exonerating the company from liability for negligence. *Held*, that it was just and good policy for the company to pay wages during recovery from the injuries so received.

 In Equity. Intervening petition.

 J. S. Bradford, as intervenor, filed a claim against the receivers of the Texas & Pacific Railway Company, for damages for injuries sustained by him while a switchman in the employ of that railway. The master, while exonerating the receivers, allowed the claimant his wages at $2.50 a day for the 64 days he was laid up from his injuries. The receivers excepted to the master's report, on the ground that they were free from blame. The following is the order of the court in the *Freundlich Case*, referred to in the opinion:

 "Whereas it appears to the court, from evidence on file in this cause, that one S. Freundlich, employed by the receivers in this cause in operating the Texas & Pacific Railway property, while in the discharge of his duty as a carpenter in the car department at Big Springs, Texas, met with an accident, without any negligence on his part, whereby his left eye was struck with an iron sliver, resulting, after great pain and suffering, in the total loss of the eye, and incapacitating said Freundlich from work from June 9, 1886, to September, 5, 1886; and whereas the receivers in this cause doubt their authority to pay wages to said Freundlich during the time he was so as aforesaid disabled by reason of said accident, and as it appears to the court that not only equity and good conscience justify, but good railway management requires, that in such cases wages be not stopped during temporary sickness and convalescence, resulting from accidents in the line of duty, unaccompanied with contributory negligence, it is ordered and adjudged that said receivers are authorized and directed to pay to said S. Freundlich full wages from June 9, 1886, to September 5, 1886, the same as if during that period he had worked at his regular employment, provided the same shall not exceed one hundred dollars per month."

 *W. W. Howe*, for receivers.

 PARDEE, J., (*orally.*) In this case, which is one where the intervenor, being an employe of the receivers, claims compensation for damages received in the line of his duty, the master reports exonerating the receivers from liability for negligence, and yet allowing the intervenor payment of wages during the time he was laid up from his injuries. The evidence and report seem to be in line with the *Case of Freundlich*, and with others where the court has deemed it just and good policy for the receivers to pay wages during recovery from injuries received in the line of

[1]Reported by Charles B. Stafford, Esq., of the New Orleans Bar.

duty, when undue carelessness of the employe did not contribute to the injury.

The exceptions are overruled, and an order will be entered confirming the report.